# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRACY FORWARD FOUNDATION,<br>1333 H Street NW<br>11th Floor<br>Washington, DC 20005,<br><br>*Plaintiff*,<br><br>vs.<br><br>UNITED STATES<br>DEPARTMENT OF COMMERCE,<br>1401 Constitution Avenue NW<br>Washington, DC 20230,<br><br>*Defendant*. | Case No. ___ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.  Plaintiff Democracy Forward Foundation brings this action against Defendant U.S. Department of Commerce ("DOC" or "the Agency") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.  Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e). Plaintiff's principal place of business is in Washington, D.C., DOC resides in Washington, D.C., and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Washington, D.C.

4.	Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, Plaintiff is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

**PARTIES**

5.	Plaintiff Democracy Forward Foundation is a not-for-profit media organization incorporated under the laws of the District of Columbia, and based in Washington, D.C. Plaintiff works to promote transparency and accountability in government, in part, by educating the public on government actions and policies.

6.	Defendant DOC is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. DOC has possession, custody, and control of records to which Plaintiff seeks access.

**FACTUAL ALLEGATIONS**

*FOIA No. 001235 ("Wilbur Ross Email Request")*

7.	On May 19, 2017, Plaintiff submitted a FOIA request to DOC requesting the following documents:

(1) All communications, including any attachments, sent to or from any nongovernmental email address established, controlled, or used by the Secretary of Commerce, Wilbur Ross.

(2) All records referring or relating to the use of any nongovernmental email address established, controlled, or used by the Secretary of Commerce, Wilbur Ross.

(3) All communications, including any attachments, made or received in connection with the transaction of government business using any nongovernmental email account or nongovernmental communications device established, controlled, or used by Secretary Ross. *See Competitive Enterprise Institute v. Office of Science and Technology Policy*, 827 F.3d 145 (D.C. Cir. 2016); 36 C.F.R. §§ 1222.10, 1220.18.

8.     The time period for the request was "January 20, 2017, to the date the search is conducted."

9.     DOC responded in two letters on June 9, 2017.  The first letter provided a tracking number, DOC-IOS-2017-001235 ("001235"), and a link to the "FOIAonline" tracking system, while the second letter denied Plaintiff's request for a fee waiver.

10.    DOC provided a fee estimate in a July 18 letter.  On August 25, 2017, Plaintiff spoke with a FOIA Officer to understand the basis of the fee estimate.

11.    Subsequently, in a September 6, 2017 phone call, the parties agreed to narrow the scope of the required search, which DOC confirmed in an email the same day.

12.    None of DOC's emails indicated that DOC required additional time to complete the request beyond the statutory 20 days.  Accordingly, DOC's production was due on or before June 12, 2017.

13.    The "FOIAonline" tracking system acknowledges that Plaintiff submitted its FOIA request on May 19, 2017, and currently estimates that the request will be completed by July 10, 2017—now more than six months ago.[1]

*FOIA No. 001705 ("Census Contract Request")*

14.    On August 15, 2017, Plaintiff submitted a FOIA request to DOC requesting the following documents:

(1) All records that constitute any appointment calendar or datebook maintained by or on behalf of Secretary Wilbur Ross, Ross Branson, Apollo Fuhriman, Aaron Willard, Jacque Mason, Kevin Quinley and/or any other staff in the Office of the Secretary and Deputy Secretary from May 1, 2017 through May 15, 2017.

(2) All records produced between April 1, 2017 and the date the search is conducted related to Young & Rubicam's contract to assist with the 2020 Census or any

---

[1] *See* FOIA Online, *Request Details*, https://foiaonline.regulations.gov/foia/action/public/view/request?objectId=090004d281321bfc (last accessed Feb. 2, 2018).

3

    subcontracts under that contract. Search should include Secretary Wilbur Ross, Ross Branson, Apollo Fuhriman, Aaron Willard, Jacque Mason, Kevin Quinley, and all other staff in the Office of the Secretary and Deputy Secretary.

(3) All correspondence and records, including but not limited to preparation materials, meetings notes and minutes, email attachments, and resulting documents related to any meeting between April 1, 2017 and the date the search is conducted related to scheduled, performed, or expected work related to the 2020 Census by Young & Rubicam or any subcontractor under Young & Rubicam.

(4) All correspondence including email attachments between the Office of the Secretary and Deputy Secretary and the Office of Senator Ron Johnson between April 1, 2017 and the date the search is conducted that are related to the Young & Rubicam contract to assist with the 2020 Census or any subcontracts under that contract.

15. Via the "efoia@foia.gov" email address, DOC sent two emails on August 15, 2017, the first confirming receipt of Plaintiff's request and the second changing its tracking number to DOC-IOS-2017-001705 ("001705").

16. DOC sent another email on August 29, 2017, granting Plaintiff's request for a fee waiver.

17. None of DOC's emails indicated that DOC required additional time to complete the request beyond the statutory 20 days. Accordingly, DOC's production was due on or before September 13, 2017.

18. The "FOIAonline" tracking system acknowledges that Plaintiff submitted its FOIA request on August 15, 2017, and currently estimates that the request will be completed by September 27, 2017—now nearly four months ago.[2]

*Correspondence with DOC Attempting to Determine the Status of the Requests*

19. Over the past four months, Plaintiff have made numerous attempts to determine the status of DOC's response to the FOIA requests and identify when they would be complete.

---

[2] *See* FOIA Online, *Request Details*, https://foiaonline.regulations.gov/foia/action/public/view/request?objectId=090004d281509334 (last accessed Feb. 2, 2018).

Plaintiff sent emails or left voicemails for the assigned FOIA Officer on at least eight occasions between September 18, 2017 and January 4, 2018.

20. To each of these inquiries, DOC either stated vaguely that the search was ongoing or declined to respond.

21. The most detail DOC ever provided came in a November 17, 2017 email, which read in relevant part:

> The searches are still being completed for 001235 from one office unit.
>
> 001705, The office unit documents that were located to possibly be responsive were sent to my office contact in a format that was not accessible. A new program was ordered in my contact's office to hopefully make the documents accessible to my contact to review.
>
> Upon review of these responses, I will be sure to send to you a Determination Response for each of your FOIA request.
>
> My apologies for both FOIAs not completed to date, I assure you we are working diligently to respond to your FOIA requests, however, If you have any questions or concerns you may contact the Departmental FOIA Officer/the Department's FOIA Public Liaison[.]

22. Plaintiff inquired about the status of these two requests again in December and January, leading to a nearly verbatim email response from DOC on January 3, 2018 stating, in relevant part:

> The searches are still being completed for 001235 from one office unit.
>
> 001705, The office unit documents that were located to possibly be responsive were sent to my office contact in a format that was not accessible. A new program was ordered in my contact's office to hopefully make the documents accessible to my contact to review.
>
> Upon review of these responses, I will be sure to send to you a Determination Response for each of your FOIA request.
>
> My apologies for both FOIAs not completed to date, I assure you we are working diligently to respond to your FOIA requests.

>You may contact the Departmental FOIA Officer/the Department's FOIA Public Liaison[.]

23.   Concerned that there appeared to have been *no* progress on the two FOIA requests since November 17, Plaintiff sent a list of questions regarding the content and status of the searches to DOC on January 4, 2018, and requested a response by January 11, 2018. For example, Plaintiff asked what office unit was still outstanding for the Ross email request, whether documents from other office units had been reviewed since their collection months earlier, and whether DOC could make a rolling production. Similarly, Plaintiff asked whether any documents were collected in response to the Census Contract request that could be accessed, and repeated an earlier request for a rolling production.

24.   DOC never responded to Plaintiff's January 4 email.

25.   DOC has never produced any documents in response to either request, despite Plaintiff's requests for rolling production.

## CLAIM FOR RELIEF

26.   Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

27.   By failing to respond to plaintiff's request within the statutorily mandated 20 days, DOC has violated FOIA and its own regulations implementing FOIA at 15 C.F.R. § 4.1 *et seq*.

28.   DOC's violations of its obligations include, but not are limited, to its failure to notify Plaintiff of its determination and the reasons thereof, to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, not to withhold responsive records, to inform Plaintiff of how many responsive documents were located, and to provide an index of any responsive records withheld.

29.     Because DOC has failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A)(i) or extend the time limit by written notice as set forth in 5 U.S.C. § 552(a)(6)(B)(i), Plaintiff is deemed to have exhausted any and all administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C).

WHEREFORE, Plaintiff prays that this Court:

1. order DOC to conduct a search for any and all responsive records to Plaintiff's FOIA requests using search methods reasonably likely to lead to discovery of all responsive records;

2. order DOC to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. enjoin DOC from continuing to withhold any and all non-exempt responsive records;

4. award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and

5. grant any other relief this Court deems appropriate.

Dated: February 2, 2018

Respectfully submitted,

/s/ *Javier M. Guzman*
Javier M. Guzman (D.C. Bar No. 462679)
Jeffrey B. Dubner (D.C. Bar No. 1013399)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
jguzman@democracyforward.org
jdubner@democracyforward.org